FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 25 2023

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GENORI MCCORMACK, | ) CIVIL ACTION NO.: |
| | ) **1:23-CV-1876** |
| | ) |
| Plaintiff, | ) **PLAINTIFF'S COMPLAINT** |
| v. | ) **AGAINST DEFENDANTS AND** |
| | ) **DEMAND FOR JURY TRIAL** |
| HILTON RESORTS CORPORATION, | ) |
| HILTON MANAGEMENT LLC, PARK | ) |
| HOTELS & RESORTS INC, and | ) |
| BROOKFIELD ASSET MANAGEMENT | ) |
| LLC, | ) |
| | ) |
| Defendants. | ) |

Comes now, Genori McCormack, Plaintiff, and hereby alleges the following, on information and belief, against Defendants:

## SUMMARY OF ACTION

This is an action pursuant to the Georgia Fair Business Practice Act of 1975, Fair Housing Act, and State Fair Housing Act, and set out below are unfair business practices that Plaintiff has faced at the hands of Defendants and have been damaged in the amount of $50,000.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter and the issue. This Court has jurisdiction under the Georgia Fair Business Practice Act of 1975 and the Georgia Fair Housing Act.

2. This Court has jurisdiction over the Defendants, because, on information and belief, Defendants regularly conduct their business, *inter alia*, in this State and their unlawful conduct against the Plaintiff predominantly occurred in this State.

3. Venue properly lies in this County in that Defendants regularly conduct business in this County and the conduct and events giving rise to the claims described herein occurred in this County.

## PARTIES

4. A Plaintiff is a natural person living in Georgia at P.O. Box 2252 Atlanta, GA 30031.

5. Defendant, HILTON RESORTS CORPORATION, is an organization located at 6355 MetroWest Blvd. Suite 180, Orlando, FL 32835.

6. Defendant, HILTON MANAGEMENT LLC, is a company having its main office at 7930 Jones Branch Drive Mclean, VA, 22102.

7. Defendant, PARK HOTELS & RESORTS INC., is a company having its main office at 1775 Tysons Boulevard, 7th Floor, Tysons, VA 22102.

8. Defendant, BROOKFIELD ASSET MANAGEMENT LLC, Brookfield Place is a company with its main office at 250 Vesey Street, 15th Floor, New York, NY 10281-1023.

## FACTUAL ALLEGATIONS

9. On April 22, 2021, Plaintiff responded to a Georgia ad regarding Hilton Hotels. Pursuant to the Defendants' website regarding Covid-19 cleaning procedures and policies located at https:// covid.hilton.com, Plaintiff booked a room requesting reasonable accommodations at the Hilton Fort Lauderdale Marina located at 1881 SE 17th Street, Fort Lauderdale, FL 33316 - Confirmation 3152311289. The room was advertised for $162.00 per night. However, despite

2

Hilton's "Price Match Guarantee", Plaintiff was charged $307.00 per night plus taxes and fees totaling $763.25.

10. On April 23, 2021, Plaintiff arrived at Hilton Fort Lauderdale Marina to check-in. However, the room that Plaintiff reserved was not available to Plaintiff per Plaintiff's booking accommodations. Instead, Plaintiff was placed in several different rooms which were not cleaned nor disinfected prior to Plaintiff's arrival. Most of these units had articles left behind by previous occupants, including used linens, toiletries, and hair and dirt rings around the shower, sink, and toilets. Plaintiff was transferred from rooms 3343 to 3339, to 612, and to 2419 before finally being placed in a handicapped-accessible room. A process that took several hours before Plaintiff could finally get settled, from an already long day of travel, in an assigned room around 2:00 am.

11. On April 24, 2021, Plaintiff requested another reasonable accommodation pursuant to the Fair Housing Act. Plaintiff was promised a refund for the stay by management, and Plaintiff was finally moved to the higher floor room number 1126. However, the room was not completely clean either unfortunately or Plaintiff's accommodation was denied.

12. On April 25, 2021, the stay was so uncomfortable and stressful, Plaintiff was forced to book a room elsewhere at another Hilton brand. Despite being mistreated by Hilton resorts, Plaintiff still remained loyal to the brand and booked at another property for an even higher price which Plaintiff should not have had to do.

13. To conclude, the Defendants did not honor the price which was advertised. The Defendants did not honor the accommodations or modifications requested pursuant to the fair housing acts. The defendant made unauthorized charges on Plaintiff and Plaintiff's guests'

credit cards. During a pandemic, the Defendants forced Plaintiff to be transferred to 4 different rooms which by the Defendant's own admission were not cleaned and disinfected prior to Plaintiff's arrival in accordance with the Defendant's cleaning procedures and policies that were put in place as an effort to prevent the spread of Covid-19. The Defendant's staff for this location were extremely rude despite the circumstances Plaintiff was faced with.

## CAUSE OF ACTION I - VIOLATION OF THE FAIR HOUSING ACT

14. The plaintiff restates and re-alleges all of the preceding paragraphs as though fully set forth herein.

15. Defendants have violated the Georgia Fair Housing Act by denying reasonable accommodations to the Plaintiff and her Guests as required in the Georgia Fair Housing Act for handicapped people.

16. Section 3(e) of the Georgia Fair Housing Act states that:

*"Reasonable accommodations.*

*1.     It shall be unlawful for any person to refuse to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a handicapped person equal opportunity to use and enjoy a dwelling unit, including public and common use areas.*

*2.     For guidance on the application of paragraph 1. of this section, the Administrator shall refer to the examples set forth in 24 C.F.R. Part 100 Section 100.204(b), on reasonable accommodations, and any other relevant sources."*

17. The Georgia Fair Housing Act, which is nearly identical to the Federal Fair Housing Act, 42 U.S.C.S. § 3601 et seq., allows aggrieved persons to seek actual and punitive damages

4

for violations of the Act. O.C.G.A. § 8-3-217. Under O.C.G.A. § 8-3-202(a)(1), it is unlawful: to refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, disability, familial status, or national origin. Under § 8-3-202(2) of the Act, it is unlawful: to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, disability, familial status, or national origin.

18. As per *Bailey v. Stonecrest Condo. Ass'n*, 304 Ga. App. 484: *"In order to prevail under the Georgia Fair Housing Act, O.C.G.A. § 8-3-222, a plaintiff must show that: (1) a defendant coerced, intimidated, threatened or interfered, (2) with a (a) plaintiff's exercise of a right under the Act, (b) plaintiff's enjoyment of a housing right after exercise of that right, or (c) plaintiff's aid or encouragement to a protected person to exercise or enjoy a housing right, (3) because of discriminatory animus."*

## CAUSE OF ACTION II – VIOLATION OF FAIR BUSINESS PRACTICES ACT

19. The plaintiff restates and re-alleges all of the preceding paragraphs as though fully set forth herein.

20. By advertising a false price of the room's rent and misleading Plaintiff into staying in an unclean room Defendants have violated the provisions of the Georgia Fair Business Practices Act.

21. Georgia's Fair Business Practices Act prohibits unfair and deceptive acts or practices in the marketplace. This law applies to consumer transactions involving the sale, lease or rental of goods, services or property mainly for personal, family or household purposes. The Georgia

Department of Law's Consumer Protection Division will pursue a case of this nature whenever the Attorney General determines there is a substantial public interest.

22. Unlawful activities that are prohibited by the Fair Business Practices Act include: Making false or misleading statements about sale prices (example: advertising "On sale today only," when the item has been offered at that price for the past month) and advertising goods or services with the intent not to sell them as advertised (example: using "bait-and-switch" tactics. The legislative purpose is to protect consumers and legitimate business enterprises. This statute embodies principles of ethical business conduct that may be traced back many centuries in Western civilization.

23. As per *Catrett v. Landmark Dodge*, 253 Ga. App. 639: *"The Fair Business Practices Act (FBPA), Ga. Code Ann. § 10-1-390 et seq., proscribes unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts and practices in trade and commerce. The legislation lists various activities that qualify as unfair or deceptive acts or practices, including representing that goods are original or new if they are deteriorated, reconditioned, reclaimed, used, or secondhand. A single instance of an unfair or deceptive act or practice is a sufficient predicate upon which to base a claim for damages under the FBPA if the public consumer interest would be served thereby. To come within the FBPA, therefore, the deceptive activity must take place in the context of the consumer marketplace."*

## CAUSE OF ACTION III – BREACH OF CONTRACT

24. The plaintiff restates and re-alleges all of the preceding paragraphs as though fully set forth herein.

25. Defendants promised that they will rent the room at a certain price but did not keep their promise and charged a higher amount as mentioned above. This is a breach of contract with the Plaintiff.

26. Since a verbal promise in exchange for monetary consideration is a binding contract, Defendants have actually committed a breach of contract with Plaintiff. A verbal contract can bind the parties. See *New Horizon Fin. Servs., LLC v. First Fin. Equities, Inc.*, 2003 U.S. Dist. LEXIS 14573, *16 (D. Conn. Mar. 26, 2003). The elements of a breach of contract claim consist of a lawfully enforceable contract, an unjustified failure to timely perform all or any part of what is promised therein, and entitlement of the injured party to damages. *Schlinger v. McGhee*, 2012 WY 7, 268 P.3d 264, 268 (Wyo. 2012) (citing *Reynolds v. Tice*, 595 P.2d 1318, 1323 (Wyo. 1979).

## CAUSE OF ACTION IV - MISREPRESENTATION

27. The plaintiff restates and re-alleges all of the preceding paragraphs as though fully set forth herein.

28. By making false claims regarding the rent price and condition of the room, Defendants are liable for misrepresentation.

29. The elements of negligent misrepresentation are the same as intentional misrepresentation, except that the representation is made without reasonable grounds for believing it to be true, rather than actual knowledge of falsity. (*Small v. Fritz Cos Inc.* (2003) 30 Cal.4th 167, 173-174.) The negligent misrepresentation must also be pleaded with particularity. (*Daniels v. Select Portfolio Servicing, Inc.* (2016) 246 Cal.App.4th 1150, 1166.).

30. Since Defendants know what they can deliver and still represent false information, Defendants are liable for intentional misrepresentation.

## CAUSE OF ACTION V – FALSE ADVERTISEMENT

31. The plaintiff restates and re-alleges all of the preceding paragraphs as though fully set forth herein.

32. Defendants are liable for the false advertising based on the above facts regarding the price and condition of their rooms.

33. There are two types of actionable false advertising: (1) advertising which makes claims which are literally false on their face, and (2) advertising that, although literally true on its face, is perceived by a significant proportion of the relevant market as making "subliminal" or "implicit" claims which are provably false. *Schering Corp. v. Pfizer Inc.* 189 F.3d 218.

34. Defendants are liable for the second kind of false advertisement.

## CAUSE OF ACTION VI – VIOLATION OF AMERICANS WITH DISABILITIES ACT

35. The plaintiff restates and re-alleges all of the preceding paragraphs as though fully set forth herein.

36. Denying Plaintiff and her disabled Guests a reasonable handicap-accessible room even upon prior booking is a violation of the Americans with Disabilities Act (ADA) by the Defendants. The ADA is a civil rights law that prohibits discrimination against individuals with disabilities in all areas of public life, including jobs, schools, transportation, and all public and private places that are open to the general public. The purpose of the law is to make sure that people with disabilities have the same rights and opportunities as everyone else. The ADA

gives civil rights protections to individuals with disabilities similar to those provided to individuals on the basis of race, color, sex, national origin, age, and religion. It guarantees equal opportunity for individuals with disabilities in public accommodations, employment, transportation, state and local government services, and telecommunications.

37. ADA is divided into five titles. Title III deals with public accommodations. Public accommodations include facilities such as restaurants, hotels, grocery stores, retail stores, etc., as well as privately owned transportation systems. Title III requires that all new construction and modifications must be accessible to individuals with disabilities. For existing facilities, barriers to services must be removed if readily achievable.

38. As per *Miller v. Cal. Speedway Corp.*, 536 F.3d 1020: *"Title III of the Americans with Disabilities Act (ADA), 42 U.S.C.S. § 12181 et seq., prohibits discrimination against any individual on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation. 42 U.S.C.S. § 12182(a). Discrimination includes a failure to remove architectural barriers, or where removal of a barrier is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods. 42 U.S.C.S. § 12182(b)(2)(A)(iv), (v). The ADA further requires that newly constructed facilities be readily accessible to and usable by individuals with disabilities. 42 U.S.C.S. § 12183(a)(1). The ADA directs the Attorney General to issue regulations that include standards applicable to facilities covered by Title III and to provide appropriate technical assistance manuals to individuals or entities with rights or duties under Title III. 42 U.S.C.S. §§ 12186(b),*

*12206(c)(3). Congress has instructed the Attorney General to issue regulations within one year of the enactment of the ADA."*

## **CAUSE OF ACTION VII - NEGLIGENCE**

39. The plaintiff restates and re-alleges all of the preceding paragraphs as though fully set forth herein.

40. Plaintiff was placed in several different rooms which were not cleaned nor disinfected prior to Plaintiff's arrival. Most of these units had articles left behind by previous occupants, including used linens, toiletries, and hair and dirt rings around the shower, sink, and toilets. Plaintiff was transferred from rooms 3343 to 3339, to 612, and to 2419 before finally being placed in a handicapped-accessible room. A process that took several hours before Plaintiff could finally get settled, from an already long day of travel, in an assigned room around 2:00 am.

41. Due to the stay in unhygienic rooms, Plaintiff got infected with Covid twice after the stay due to negligence of Defendants regarding unclean and infected rooms. Defendants are liable for negligence.

42. The true rule is that what is the proximate cause of an injury is ordinarily a question for the jury. It is not a question of science or legal knowledge. It is to be determined as a fact, in view of the circumstances of fact attending it. The primary cause may be the proximate cause of a disaster, though it may operate through successive instruments, as an article at the end of a chain may be moved by a force applied to the other end, that force being the proximate cause of the movement, or as in the oft-cited case of the squib thrown in the marketplace. The question always is: Was there an unbroken connection between the wrongful act and the injury--a

10

continuous operation? Did the facts constitute a continuous succession of events, so linked together as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury?

43. As per *Chi., Rock Island & Pac. Ry. v. Moore*, 1912 OK 674: *"Negligence is the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the case, or doing what such a person would not have done. Negligence, in law, is a breach of duty unintentional and proximately producing injury to another possessing equal rights. If limited to actionable negligence, this definition is correct; but an act may be negligent without being the proximate cause of an injury, and hence not actionable."*

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court grants the following:

A. Damages, including general and special damages, in an amount to be determined at trial but no less than $50,000;

B. Punitive damages;

C. Restitutionary disgorgement;

D. Pre-judgment interest;

E. Costs to the extent provided for by law, including attorney's fees as provided by statute; and

F. An order awarding Plaintiff such other and further relief as the Court deems just and proper.

Respectfully Submitted By:

/s/ Genori McCormack
Genori McCormack
P.O. Box 76784

Atlanta, GA 30358
Plaintiff, *Pro Se*

Date: April 23, 2023

## DEMAND FOR JURY TRIAL

Plaintiff, Genori McCormack, demands a jury trial for all the triable issues and facts.

Date: April 23, 2023

                              Respectfully Submitted By:

                              /s/ Genori McCormack
                              Genori McCormack
                              P.O. Box 2252
                              Atlanta, GA 30031
                              Plaintiff, *Pro Se*